United States District Court
Southern District of Texas
**ENTERED**
October 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRUZ AJQUI IXTOS, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-01546 |
| | § | |
| RICE AND NOODLES, INC. d/b/a PHO | § | |
| HOUSE BAYTOWN, et al., | § | |
| | § | |
| *Defendants*. | | |

## ORDER

Before the Court is a Motion for Summary Judgment (Doc. No. 23) filed by plaintiffs Cruz Ajqui Ixtos ("Ixtos"), Domingo Cux Cotiy ("Cotiy"), Francisco Guarchaj ("Guarchai"), Isaias Lopez ("Lopez"), Melesio Chox Guarchaj ("Chox Guarchai"), and Victor Pascual ("Pascaul") (collectively "Plaintiffs"). Defendants Rice and Noodles Inc. d/b/a Pho House Baytown and Tony LNU (collectively "Defendants") responded (Doc. No. 25) and Plaintiffs replied. (Doc. No. 26). Having considered the briefings and applicable law, the Court hereby **GRANTS** Plaintiffs' Motion in part and **DENIES** in part the Motion for Summary Judgment.

### I. Background

This case arises out of a wage dispute and alleged violations of the Fair Labor Standards Act ("FLSA"). The business relationship appears to be as follows. Defendants own and operate Pho House Baytown, a Vietnamese noodle restaurant. Plaintiffs worked for Defendants in the restaurant's kitchen and allege that they were employed in hourly wage positions, but were not paid minimum wage. (Doc. No. 23 at 2). Plaintiffs also contend that they worked up to 72 hours a week but were never paid overtime wages. (*Id.*). Defendants contend that they paid Plaintiffs a set

1

amount of $600 a week in cash without tax deductions and also provided Plaintiffs free housing near the restaurant "as a courtesy" as long as Plaintiffs worked for Defendants. (Doc. No. 7 at 2).

Although Plaintiffs purport to collectively filed this Motion for Summary Judgment, only one affidavit from one Plaintiff, Isaias Lopez, was attached as evidence. ("Lopez affidavit") (Doc. No. 23 at 8). In his affidavit, Lopez only presents evidence that pertains to him as an individual. (*Id.*). Without affidavits from the other Plaintiffs, there is no evidence available for the Court to consider as it pertains to their claims in this Motion. Therefore, this Court can only consider the Motion as it pertains to Lopez individually.

That being the case, Lopez argues that Defendants violated the Fair Labor Standards Act by: (1) misclassifying him as an independent contractor rather than an employee, (2) failing to pay him minimum wage and overtime wages, and (3) failing to maintain required records regarding his wages, hours, and other condition of employment under the FLSA.[1] (Doc. Nos. 4, 23).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant

---

[1] Although employers are required to maintain certain employee records, the FLSA and its corresponding regulations do not provide for a cause of action for when employers fail to adhere to this requirement. *See* Records to Be Kept By Employers, 52 Fed. Reg. 24896 (July 1, 1987). Since no private right of action exists, the Court need not address this issue. *See* 29 U.S.C. § 211(c); *Lobo v. Spring Safety, Inc.*, 2020 WL 1695888 at *2 (S.D. Tex. 2020) (holding that evidence of recordkeeping violations can be used to support a properly pleaded FLSA claim, but does not permit Plaintiff to enforce provisions of the Act that are exclusively vested in the Department of Labor).

then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

The factual support in favor of this Motion and that which is contrary to the Motion is scant at best. Only one Plaintiff, Lopez, has filed an affidavit—and the affidavit only presents evidence presents evidence as they affect him as an individual.[2] (Doc. No. 23 at 8). The Lopez affidavit states that he worked in an hourly wage position and regularly worked up to 72 hours a week but never received minimum wage or overtime wages. (*Id.*). When Defendants altered the regularly scheduled payment day from Sunday to Monday, Lopez received less pay than usual. (*Id.*). When Lopez complained about the discrepancy, there is evidence that Defendants retaliated against him by terminating their business relationship and requiring him to leave the housing provided. (*Id.*). In response to these allegations, Defendants, supported solely by an affidavit from Pho House manager Tiffany Le ("Le affidavit"), present evidence that: (1) Lopez was an independent

---

[2] Since the only affidavit attached to the Motion is from Plaintiff Isaias Lopez, the Court can only balance the factors as to Lopez individually and the Defendants because there is no evidence as to the other Plaintiffs.

contractor rather than an employee, (2) Defendants did not control the time or manner in which Lopez performed his services, (3) Defendants did not provide Lopez with employee benefits or reimbursements for expenses incurred, (4) Defendants paid Lopez a fixed daily rate in cash for each day he worked at Pho House, (5) Defendants provided Lopez a free place to live as additional compensation, and (6) Defendants occasionally paid a portion of Pho House's tips to Lopez and other staff working that day. (*Id.*).

### A. Whether Plaintiffs Are Employees or Independent Contractors

The Fifth Circuit has long held, even in situations with contradictory facts, that whether a worker is an employee for the purposes of the FLSA is a question of law to be decided by the Court. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1045 (5th Cir. 1987) ("The ultimate finding as to employee status is not simply a factual inference drawn from historical facts, but more accurately is a legal conclusion based on factual inferences drawn from historical facts.").

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "The FLSA requires 'employers' to pay their employees a minimum wage." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (citing 29 U.S.C. § 206(a)). Consequently, to find protection under the FLSA, Plaintiffs must demonstrate that they were in an employer-employee relationship with Defendants.

Employee status under the FLSA is determined by "focus[ing] on whether the alleged employee, as a matter of economic reality, is economically dependent upon the business to which she renders her services." *Reich v. Circle C. Invests., Inc.*, 998 F.2d 324, 327 (5th Cir. 1993). This is known as the "economic reality" test. *Powers*, 673 F.3d at 354. In applying this test, courts analyze five factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and alleged employer; (3) the degree to which the worker's

opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *See Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019); *see also Reich*, 998 F.2d at 327. "These factors are merely aids in determining the underlying question of dependency, and no single factor is dispositive." *Reich*, 998 F.3d at 327. The Court may also weigh a sixth factor: whether the worker's services are "an integral part" of the alleged employer's business. *Hobbs v. Petroplex Pipe & Constr. Inc.*, 946 F.3d 824, 836 (5th Cir. 2020).

   1. Factor 1: Degree of Control

"Control is only significant when it shows an individual exerts such a control over a meaningful part of the business that [the individual] stands as a separate economic entity." *Usery v. Pilgrim Equip. Co. Inc.*, 527 F.2d 1308, 1312–13 (5th Cir. 1976). "This means we determine whether the worker has a 'viable economic status that can be traded to other . . . companies', keeping in mind that 'lack of supervision [of the individual] over minor regular tasks cannot be bootstrapped into the appearance of real independence.'" *Parrish*, 917 F.3d at 381 (quoting *Usery*, 327 F.2d at 1312). "It is not significant how one 'could have' acted under the contract terms." *Usery*, 327 F.3d at 1312.

Lopez contends that when he worked in the kitchen and cleaned Defendant's restaurant, the work was supervised by Defendants. (Doc. No. 23 at 8). There is no evidence in his affidavit to support the latter contention. As stated above, Lopez presented evidence that he worked in Defendants' kitchen in an hourly wage position. (*Id.*). Lopez also claims that cleaning and kitchen duties constituted "work that is typically done under the direction of a supervisor," but, again, provides no evidence that Defendants exercised significant control. He further claims, this time with evidence, that because Defendants provided Plaintiffs' housing, that they exercised a greater

degree of control. (*Id.* at 8, 9). Conversely, in the Le affidavit, Defendants present evidence that they "hired Plaintiffs to work at Pho House as contract labor in the kitchen," did not control the means or methods utilized by Plaintiffs when performing their tasks, and did not control when Plaintiffs came and left from work. (Doc. No. 25 at 5, 6).

The Court finds, given the evidence, that this factor weighs in favor of the Defendants.

### 2. Factor 2: Extent of Relative Investment

Lopez contends that he did not "furnish [his] own equipment or place to work" and that all equipment necessary for his job was provided by Defendants. (*Id.* at 4). Defendants do not rebut this or provide any contrary evidence. Since the parties do not dispute this factor, the Court finds that this factor weighs in favor of Lopez being an employee.

### 3. Factor 3: Opportunity for Profit/Loss Determined by Defendants

The degree to which a worker's opportunity for profit or loss is determined by their alleged employer requires a court to consider whether the worker or employer controlled the major determinants of the amount of profit that a worker could make. *Hopkins v. Cornerstone America*, 545 F.3d 338, 344 (5th Cir. 2008); *Usery*, 327 F.2d at 1313.

In addition to evidence presented by Lopez that he worked an hourly position, he avers that he was provided housing by Defendants that was contingent on his continued employment relationship with them. (Doc. No. 23 at 8). Defendants state that they provided Lopez and other workers with "a free place to live while working at Pho House as additional compensation" and had the power to grant them access to this housing and evict them when this dispute arose. (*Id.* at 6). Defendants also provide evidence that it did not control how Lopez performed his job or when he arrived and departed from work. (*Id.*). Defendants, however, also admit to having control over tips received at the restaurant, the frequency with which they were shared, and the amount of those

6

tips that were shared with Lopez and other workers. (*Id.*). Specifically, Defendants state that a portion of the tips was shared with them "from time to time." (*Id.*).

The Court finds that this factor weighs in favor of Lopez being an employee. First, the Court finds that Lopez's primary source of income, which came from his work at Pho House, was controlled almost exclusively by Defendants. In addition, Defendants also dictated the frequency and amount of tip money that was shared with Lopez and other workers, which also affected the Lopez's personal opportunities for profit. Second, Defendants controlled hiring, firing, housing, and the distribution of tips and income paid to Lopez. Taken together, the facts suggest that Defendants had a significant effect on Lopez's ability to personally gain a profit or suffer a loss and this factor weighs in favor of Lopez being an employee.

4. Factor 4: Skill and Initiative Required

When evaluating this factor, the Court considers whether plaintiffs have "some unique skill set, or some ability to exercise significant initiative within the business." *Hopkins*, 545 F.3d at 343. "Greater skill and more demonstrate initiative counsel in favor of [independent contractor] status." *Parrish*, 917 F.3d at 385.

Lopez contends that there is typically no particular skill required for the work that he was engaged in because cleaning or working in a kitchen often requires training. (Doc. No. 23 at 4). Defendants do not provide any evidence to the contrary, but Lopez does not provide any proof either. Therefore, this factor does not weigh in favor of either side.

5. Permanency of Relationship

When evaluating the "permanency of relationship," the Fifth Circuit has provided several considerations, including: (1) whether a plaintiff "worked exclusively" for defendant, (2) the total length of relationship between the plaintiff and defendant, and (3) whether the work was on a

7

"project-by-project basis." *Parrish*, 917 F.3d at 387. Importantly, whether the plaintiff "*could have*" worked for other clubs is not a relevant concern, because the analysis is focused on economic reality, not hypotheticals. *Id.* (emphasis in original).

First, it appears that Lopez worked primarily for Defendants since his ability to maintain housing was contingent on the parties' maintenance of their business relationship. Lopez contends that he worked between 40 and 72 hours a week. Defendants do not present any evidence that Lopez or any other workers worked for employers other than themselves. Second, Defendants do not present any evidence of the total length of the parties' relationship. Additionally, Lopez had personal property and furniture such as dressers, couches, and beds in the home provided by Defendants, which indicates more than a transient relationship. (Doc. No. 23 at 9). Third, Defendants do not present any evidence that proves Lopez was working on a project-by-project basis. (Doc. No. 25 at 6).

The Court finds that this factor weighs in favor of Lopez. Lopez worked many hours per day. Defendants providing housing for Lopez while he worked for Defendants shows, at minimum, an intent to form a permanent relationship between the parties. There is no evidence in the record to suggest that Lopez or other workers worked anywhere else while working for Defendants, nor is there any evidence that the Lopez worked on a "project-by-project basis." Thus, this factor favors Lopez being classified as an employee.

6. <u>Whether Plaintiffs' Are Integral to Defendants' Business</u>

Lopez's evidence demonstrates that when Defendants evicted him, he was told that his replacements were moving in. (Doc. No. 23 at 9). The immediacy of having replacements after evicting Lopez and the other workers shows the integral nature of the work Lopez performed when cleaning and working in Pho House's kitchen. Defendants point to no evidence suggesting that

Lopez and the other workers did not provide integral services to their business model. As such, the Court finds that this factor weighs in favor of Lopez being an employee.

Noting the "totality of the circumstances" nature of the analysis, the Court finds that Lopez should be classified as an employee rather than an independent contractor. While there remains some question as to the degree of control Defendants exercised over Lopez duties and some uncertainty as to Lopez's daily job duties, the remaining factors all point in Lopez's favor. Based on an analysis of the factual record, the Court finds that Lopez should be considered an "employee" rather than an independent contracts under the FLSA.

### B. Whether Defendants Paid Plaintiffs Minimum Wage and Overtime Wages

In a Motion for Summary Judgment, once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Lopez testifies in his affidavit that he often worked up to 72 hours in a work week and never received overtime wages. (Doc. No. 23 at 8). Lopez also avers that he was not paid minimum wage or overtime. (Doc. No. 23 at 2). Defendants provide evidence that they paid Lopez and other workers "in cash on a fixed rate for each day that each [Lopez] worked at Pho House." (Doc. No. 25 at 6). Defendants, however, do not offer evidence as to how much was paid to Lopez, how many hours he worked in a given day or week, or whether they paid him minimum or overtime wages. Although Defendants do have evidence that they paid a share of tips with Lopez and other workers "from time to time," Defendants admit that this amounted to roughly "$5 per [worker] per day." (*Id.*).

Since the Court has found Lopez is an employee rather than an independent contractor and Defendants have not presented any evidence that they paid Lopez consistent with the minimum wage and overtime required by the FLSA, the Court finds that there is no genuine dispute of material fact. Therefore, the Court grants Lopez's Motion for Summary Judgment and finds that the Defendants did not pay Lopez the required minimum wage and overtime.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff Isaias Lopez's Motion for Summary Judgment (1) classifying him as an employee under the Fair Labor Standards Act and (2) finding that Defendants failed to pay him minimum wage and appropriate overtime. The Court, however, in the absence of affidavits or any other evidence from any other Plaintiff, **DENIES** the Motion and its corresponding claims as they apply to remaining Plaintiffs Cruz Ajqui Ixtos, Domingo Cux Cotiy, Francisco Guarchaj, Melesio Chox Guarchaj, and Victor Pascual.

Signed at Houston, Texas, this 12th day of October, 2022.

Andrew S. Hanen
United States District Judge