United States District Court
Southern District of Texas
**ENTERED**
May 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRUZ AJQUI IXTOS, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| v. § | CIVIL ACTION NO. 4:21-cv-01546 |
| § | |
| RICE AND NOODLES, INC. d/b/a PHO § | |
| HOUSE BAYTOWN, § | |
| § | |
| *Defendant*. § | |

**ORDER**

Pending before the Court is the request for Damages and Attorneys' Fees (Doc. No. 51) filed by Plaintiffs Cruz Ajqui Ixtos, *et al.* ("Plaintiffs"). Defendant Rice and Noodles Inc., D/B/A Pho House Baytown ("Defendant") filed a response in opposition. (Doc. No. 52). Plaintiffs filed a reply (Doc. No. 53) and Defendant filed a sur-reply (Doc. No. 54). Upon reviewing the briefings, governing law, and previous summary judgment orders of this Court, the Court issues the following order.

**I.     Background**

Plaintiffs filed this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA") against Defendant, their former employer.[1] Defendant owns and operates Pho House Baytown, a Vietnamese noodle restaurant. Plaintiffs worked for Defendant in the restaurant's kitchen. Defendant paid each Plaintiff a set amount of $600 per week in cash and provided Plaintiffs free housing near the restaurant "as a courtesy" so long as the Plaintiffs worked for Defendant.

---

[1] While the bulk of Plaintiff's allegations involved wage disputes, Plaintiffs also alleged that Defendant retaliated against them and violated the anti-retaliation provision of the FLSA. However, Plaintiffs did not move for summary judgment on their retaliation claims—they moved for summary judgment only their wage claims. Given that over a year and a half have passed since the summary judgment orders, neither party has filed any motion regarding these retaliation claims, all deadlines have been terminated, and all parties seem to agree that the litigation is at the damages/attorneys' fees stage, the Court hereby dismisses Plaintiff's original retaliation claims for want of prosecution.

Plaintiffs presented evidence that they worked an average of 72 hours per week and were not paid overtime wages. Defendant offered no contradictory evidence as to whether they paid Plaintiffs minimum or overtime wages or as to how many hours each Plaintiff worked. Defendant admits that it did not maintain records of the Plaintiffs' hours or wages. (Doc. No. 51-1 at 19).

Finding no genuine issue of material fact, the Court granted Plaintiff's motion for summary judgment and found that Plaintiffs were employees rather than independent contractors and that Defendant failed to pay them appropriate overtime wages in violation of the FLSA. (Doc. Nos. 27, 43). The Court then ordered Plaintiffs to file their brief for damages and attorneys' fees. (Doc. No. 50).

## II. Analysis

There are three key issues presented in Plaintiffs' brief for damages and attorneys' fees: (1) actual damages, (2) liquidated damages, and (3) attorneys' fees. (Doc. No. 51).

*A. Actual Damages*

Plaintiffs argue, and Defendant does not dispute, that they were paid on a piece-rate basis because each employee was paid a flat sum for the week's work without regard to the number of hours worked in the day or at the job. *See* (Doc. No. 52-1 at 3, Affidavit of Tiffani Le). To determine the amount of overtime wages that each Plaintiff is owed, the Court must first calculate the regular rate of pay for the Plaintiffs.

The regulations set forth in 29 C.F.R. § 778.11 provide the regular rate calculation for piece-rate workers. It instructs that the regular rate of pay is "computed by adding together **total earnings** for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). This sum is then divided by the **number of hours** worked in the week for which such compensation was

2

paid, to yield the pieceworker's 'regular rate' for that week." 29 C.F.R. § 778.11(a) (emphasis added).[2] In short, the Court must add up the compensation paid to each Plaintiff for the week (excluding statutory exclusions) and divide that by the total number of hours worked.

**Earnings.** Based upon its prior summary judgment orders and the undisputed evidence before it, the Court concludes that the Plaintiffs were each paid a compensation of $660 per week. The parties both acknowledge that the Plaintiffs were paid $600 per week in cash. The additional $60 is the value of the free housing provided to Plaintiffs by Defendant. Defendant concedes that the "living quarters [were] valued at $60 per week" per person. (Doc. No. 52 at 2). This value is supported by manager Tiffani Le's sworn affidavit. (Doc. No. 52-1 at 3). Plaintiffs admit that they were provided housing by Defendant, and while they ignore housing in their own computation, they do not dispute or provide any evidence contradicting Defendant's valuation of $60/week per Plaintiff. Lastly, the housing compensation does not appear to fall into any of the excludable categories set forth in 29 U.S.C. § 207(e). Thus, the Court will use $660 weekly compensation to determine Plaintiffs' regular rate.

**Number of Hours Worked.** The Court will further use 72 hours per week to calculate Plaintiffs' regular rate. Each Plaintiff submitted an affidavit testifying that they worked an average of 72 hours per week. Ass the Court noted in its summary judgment order, Defendant presented no contracting evidence as to how many hours Plaintiffs actually worked per week. Defendant's only evidence is in manager Tiffani Le's affidavit, in which she attests that "Plaintiffs and Defendant anticipated and agreed that Plaintiffs would work approximately 68.5 hours per week." (Doc. No. 52-1 at 3). Without records or evidence about the number of hours actually worked by

---

[2] *See also* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (Nov. 30, 2020) at 2 ("where an employee is paid on a piece-rate basis, the regular rate is calculated by adding together total piece-rate earnings for the workweek, plus any non-excludable supplemental pay, and dividing that sum by the total number of hours worked in the week").

3

Plaintiffs, this intended figure of 68.5 does not refute Plaintiffs' evidence. Thus, the Court will use 72 hours per week to calculate Plaintiffs' regular rate.

**Regular Rate.** Using $660 per week and 72 hours per week, the Court finds that the Plaintiffs' regular rate was $9.17 per hour in accordance with 29 C.F.R. § 778.11.

Now the Court must determine the amount of overtime wages to which Plaintiffs are entitled. The regulations further provide that:

> For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent *to one-half this regular rate of pay* multiplied by the number of hours worked in excess of 40 in the week. . . . *Only additional half-time pay is required in such cases where the employee has already received straight-time compensation* at piece rates or by supplementary payments for all hours worked.

29 C.F.R. § 778.11(a) (emphasis added).

**Overtime.** Here, the Plaintiffs worked 32 hours in excess of 40 during the week. Since they have already received straight-time compensation, they are entitled to one-half their regular rate ($4.58) multiplied by 32 hours. Thus, for each week worked within the applicable statute of limitations period, the Court finds that each Plaintiff is entitled to $146.67 in overtime pay.

**Statute of Limitations.** In the context of judgment in FLSA cases, courts may apply the statute of limitations when calculating damages. *See e.g. Bell v. Able Sec. & Investigations*, Civil Action No. 3:10-cv-1945-L, 2011 WL 2550846, at * (N.D. Tex. June 28, 2011) (entering default judgment in FLSA action but limiting award of damages to three-year period for willful violation rather than awarding damages for entire period of employment). If a plaintiff can demonstrate that a defendant's violation of the FLSA was willful, then the limitations period is extended from two to three years. *See* 29 U.S.C. § 255(a). A willful violation occurs when the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiffs bear the burden of establishing a

4

defendant's willfulness. *Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009).

Plaintiffs here argue that Defendant willfully violated the FLSA and that they are therefore entitled to the three-year statute of limitations when calculating actual damages. Plaintiffs did not move for a finding of willful violations in their motions for summary judgment, and the Court has not addressed whether Defendant's violations were willful. Nevertheless, in Plaintiffs' brief, they argue that "Plaintiffs alleged that Defendant's violations of the FLSA were willful and there is nothing in the record to contradict this assertion." This is a misunderstanding of Plaintiff's burden. It is Plaintiffs' burden to show willfulness, and there is nothing in the record suggesting that Defendant knew (or showed reckless disregard of the fact) that its pay scheme violated the FLSA. Thus, the Court will apply a two-year, rather than three-year, statute of limitations when calculating damages. It is undisputed that each Plaintiff worked for Defendant under this scheme for at least two years preceding their termination. Accordingly, each Plaintiff is entitled to **$15,253.68** ($146.67 x 104 weeks) in actual damages for overtime wages.

### B. Liquidated Damages

The next issue before the Court is whether Plaintiffs are entitled to liquidated damages. The FLSA provides that liquidated damages be awarded for FLSA violations in an amount equal to the actual damages. 29 U.S.C. § 216(b). A district court may, "in its sound discretion," refuse to award liquidated damages if the employer demonstrates good faith and reasonable grounds for believing it was not in violation. 29 U.S.C. § 260. Whereas the burden is on the plaintiffs to show willfulness, the defendant bears the "substantial burden" of proving the reasonableness of its conduct. *See Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 387 n.16 (5th Cir. 2013)

Plaintiffs argue that Defendant has not met its burden of showing good faith and reasonable grounds for believing they were not in violation. (Doc. No. 51 at 9). For example, Tiffani Le admitted in her deposition that Defendant did not log Plaintiffs' hours or give Plaintiffs any kind of tax form. (Doc. No. 51-1 at 19). Plaintiffs therefore seek a liquidated damages award equal to the amount of actual damages determined for each Plaintiff ($15,253.68).

Upon examining the law and evidence provided by Defendant, the Court finds that an award of liquidated damages would be inappropriate in this matter because Defendant has demonstrated good faith and reasonable grounds for believing it was not in violation of the FLSA. In Le's affidavit, she states:

> Defendant paid Plaintiffs in cash on a fixed weekly rate of $600 for each week that each Plaintiff worked at Pho House. Minimum wage at the time that Plaintiffs worked at Pho House was $7.25 per hour. Based on the rate of minimum wage at the time that Plaintiffs worked at Pho House, Plaintiffs and Defendant anticipated and agreed that Plaintiffs would work approximately 68.50 hours per week. The $600 per week rate was intended to ensure that Plaintiffs were adequately compensated for working more than 40 hours per week. Defendant provided Plaintiffs with a free place to live while working at Pho house as additional compensation to ensure that Plaintiffs were adequately compensated in the event that they ever worked more than 68.50 hours in any given week.

(Doc. No. 52-1 at 3) (emphasis).

As Le's affidavit describes, Defendant reasonably calculated how much Plaintiffs would earn each week working at minimum wage for 68.50 hours, including overtime. Defendant also believed that the free housing would make up for any additional overtime. Although these beliefs are ultimately mistaken and the conduct noncompliant, the Court finds that this evidence is indicative of good faith and provides a reasonable basis for Defendant's failure to comply with the FLSA. Thus, in its discretion, the Court declines to award liquidated damages.

### C. *Attorneys' Fees*

Finally, the Court must decide the issue of attorneys' fees. Plaintiffs seek $213,550.00 in attorneys' fees.

To recover attorney's fees in an FLSA case, a plaintiff must be considered the prevailing party. The prevailing party is the party that succeeds on any significant issue in the litigation and the success provides some benefit that had been sought by the party. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this case, Plaintiffs are considered the prevailing party in a suit under the FLSA after this Court's entry granting summary judgment in Plaintiffs' favor. The FLSA provides Plaintiffs the right to recover damages for unpaid overtime and an equal amount as liquidated damages, as well as attorney's fees and costs. 29 U.S.C. § 216(b). "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A).

To support their motion for attorneys' fees, Plaintiffs submit an affidavit and timesheet by attorney Alfonso Kennard Jr. (Doc. No. 51-1). Plaintiffs argue that "Kennard Law P.C. reasonably spent 553 hours prosecuting this suit as of November 3, 2023, since its filing in May 2021. The reasonable hourly rate for this work ranged, based on the timekeeper any [sic] my experience is $400.00 per hour." (Doc. No. 51 at 11). The attached time sheet is titled "Alfonso Kennard Jr. Time Sheet."

As Defendant points out, however, Alfonso Kennard Jr. was not the attorney in this suit until April 2023. An attorney named Ellen Sprovach was Plaintiffs' attorney until this point. Thus, any work done before April 2023 should have been recorded on a time sheet by Sprovach, not by Kennard. Moreover, Defendant casts doubt on certain entries on Kennard's proposed time sheet,

7

such as two hours billed for "received and reviewed Court Order" on 3/14/2023—a date on which no order was issued by the Court. Finally, Plaintiffs did not submit any documentation of Kennard's experience to explain his rate, other than his statement that he has been licensed for almost twenty years and that his firm handles labor and employment matters. (Doc. No. 51-1 at 2). No experience or rate was provided for Ellen Sprovach.

Plaintiff's claim for attorneys' fees will not be ripe until entry of final judgment. Thus, the Court will not address the serious concerns raised by Defendant's response at this time. Should Plaintiff pursue their demand for attorneys' fees, the Court orders Plaintiff to (1) separate work done by Kennard and Sprovach, and (2) submit evidence of Kennard and Sprovach's respective training, background, and experience to support their respective rates.

### III. Conclusion

For the above reasons, the Court hereby awards the following in actual damages:

| | |
|---|---|
| Cruz Ajqui Ixtos: | $15,253.68 |
| Domingo Cux Cotiy: | $15,253.68 |
| Francisco Guarchaj: | $15,253.68 |
| Isaias Lopez: | $15,253.68 |
| Melesio Chox Guarchaj: | $15,253.68 |
| Victor Pascual: | $15,253.68 |
| **Total:** | **$91,522.08** |

The Court does not award liquidated damages. The Court will issue a separate Order of Final Judgment awarding the damages above.

Plaintiffs have fourteen (14) days from this Order to submit an updated request for attorneys' fees that corrects the issues discussed above (including separating work done by Kennard and Sprovach and presenting evidence of Kennard and Sprovach's respective training,

background, and experience to support their respective rates). Defendant will have seven (7) days to respond.

Signed at Houston, Texas, this 14th day of May, 2024.

Andrew S. Hanen
United States District Judge