IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRUZ AJQUI IXTOS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-01546 |
| | § | |
| RICE AND NOODLES, INC. d/b/a PHO | § | |
| HOUSE BAYTOWN, | § | |
| | § | |
| *Defendants*. | | |

## ORDER

Pending before the Court is Plaintiffs Cruz Ajqui Ixtos, *et al.*'s ("Plaintiffs") Amended Motion for Attorneys' Fees. (Doc. No. 58). Defendant Rice and Noodles, Inc. d/b/a Pho House Baytown ("Defendant") filed a response in opposition. (Doc. No. 59). Plaintiffs replied. (Doc. No. 60).

In its prior Order, this Court ordered Plaintiffs to update their request for attorneys' fees in two respects. First, counsel was to separate work done by Ellen Sprovach and Alfonso Kennard. Second, counsel was to present evidence of both Sprovach's and Kennard's respective training, background, and experience to support their respective rates. (Doc. No. 55 at 9). In their updated motion, Plaintiffs have resolved both issues. Plaintiffs clarified that Sprovach performed all work on the case prior to March 2023, totaling 428 hours of time, meanwhile Kennard performed all work after March 2023, totaling 37 hours of time. Plaintiffs also presented evidence of Sprovach's and Kennard's experience and training by way of a sworn affidavit by Kennard. (Doc. No. 58-1).

Also in their updated motion, Plaintiffs ask for a rate of $450 per hour for Sprovach, and $550 per hour for Kennard. In arguing for such rates, Plaintiffs present a third issue: Plaintiffs' counsel have retroactively increased their rate from their initial briefing, which asked for $400 per

hour. (Doc. No. 51 at 11). After Defendant pointed this issue out in its response, Plaintiffs agreed to reduce their marketable rate from $550/450 per hour to a combined $400 per hour rate as they initially requested. (Doc. No. 60 at 3).

I.      **Analysis**

The method used by federal courts to calculate a reasonable attorneys' fee is referred to as the "lodestar" method found by multiplying the number of hours reasonably expended in the preparation and trial of a case by a reasonable hourly rate. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court first begins with the $400 per hour rate proposed by Plaintiffs. The Court finds that the hourly rate of $400 is reasonable among Houston law firms for employment litigation. *See, e.g., Rebollar v. Ortega Med. Clinic, P.L.L.C.*, No. 4:18-cv-0846, 2019 WL 3975454, at *3 (S.D. Tex. Aug. 22, 2019) (agreeing that $500 and $300 per hour are both reasonable for employment litigation); *See Jane Roe/Rachel v. Rose v. BCE Tech. Corp.*, No. 4:12-CV-1621, 2014 WL 1322979, at *3 (S.D. Tex. Mar. 28, 2014) (finding that rates between $200 and $600 are reasonable in light of the attorneys' experience, areas of expertise, and the prevailing hourly rates in the Houston area).

Using this hourly rate, the court must determine whether the hours expended by the prevailing party's counsel were "reasonably expended," both as to the total number of hours claimed and the specific hours claimed. *Condon v. Hunting Energy Servs., L.P.*, No. H–04–3411, 2006 WL 2882857, at *2 (S.D. Tex. Oct. 4, 2006). Compensable hours, reasonably spent, are determined from the attorney's contemporaneous time or billing records or other documentation which the district court must examine and discern which hours are compensable and which are

not. *Hensley v. Eckert,* 461 U.S. 424, 434 (1983). Here, between Sprovach and Kennard, Plaintiffs claim that the two attorneys spent 465 hours litigating these claims.

Additionally, the fee applicant should exercise "billing judgment" and keep billing time records in a way that enables the reviewing court can "identify distinct claims. *Id.* at 437. Counsel must also "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane Roe/Rachel*, 2014 WL 1322979 at *2. Here, Plaintiffs recommend a billing adjustment of 50%. Meaning, Plaintiffs are only seeking payment for half of their alleged claimed hours working on this litigation (232.5 hours).

**Applying this lodestar and billing adjustment, the Court reaches a figure of $93,000.00 ($400/hour × 465 hours × 50%).**

Finally, once the court determines the lodestar, it may adjust the amount up or down based on the factors enumerated in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 718 (5th Cir. 1993). The factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Here, the Court finds that the eighth factor—the amount involved and results obtained—warrant a downward adjustment for Plaintiffs' attorneys fees. The actual damages awarded to Plaintiffs were $91,552,08. Based upon the facts in this case, the Court will not impose more in attorneys' fees than in actual damages Additionally, the first and second factors—time and labor

3

required and novelty and difficulty of the issues—support a downward adjustment. Defendant's failure to keep records meant that there were no voluminous documents to read in discovery. Instead, all of the summary judgment evidence was limited to 2-to-3-page affidavits by the parties and the deposition of one witness. Moreover, the fee arrangement for each plaintiff was more or less undisputed. It was, essentially, a single-issue case: did that fee arrangement violate the FLSA. This single issue was resolved at the summary judgment stage, so the parties did not need to prepare for trial. Therefore, given the nature of the case, the limited evidence, and the relatively straightforward resolution, the Court concludes that that the first two factors—the time and labor required and the novelty and difficulty of the issues—further weigh in favor of downward adjustment from the lodestar amount of $93,000.00.

Upon considering these above factors, the Court hereby adjusts Plaintiffs' attorneys' fees to a figure of $80,000.00.

## II. Conclusion

For the foregoing reasons, Plaintiff's Amended Motion for Attorneys' Fees (Doc. No. 58) is granted in part and denied in part. The Court awards attorneys' fees in the amount of $80,000.00.

Signed at Houston, Texas, this 27 day of June, 2024.

Andrew S. Hanen
United States District Judge

4